MERCHANTS' WHARFBOAT ASSOCIATION *v.* J. HEIDINGSFELDER.

1. WAREHOUSEMAN. *Delay in forwarding cotton. Assent of shipper. Notice of danger. Loss in warehouse.*

The assent of a shipper to a delay by a warehouseman in forwarding the cotton of the former to the place of its consignment, it being by reason of its surroundings subjected to unusual danger from fire, does not preclude the shipper from a recovery for its loss by fire while thus delayed, unless he knew of the danger to which it would be subjected by the delay.

2. SAME. *Acquiescence of shipper in delay of shipment. Notice of danger. Liability for loss.*

But if such shipper knew of the peculiar danger to which the cotton would be subjected by the delay, and then failed to dissent, he cannot avoid the effect of his acquiescence by showing that his failure to dissent to the delay was due to the fact that on previous occasions he had dissented without avail, it not being shown that on such former occasions the cotton was surrounded by the same peculiar danger from fire.

APPEAL from the Circuit Court of Washington County.

HON. J. H. WYNN, Judge.

The facts of this case are similar to those in the case of *Merchants' Wharfboat Association* v. *Wm. Wood & Co.*, just preceding, page 661, except as pointed out in the opinion of the court.

*Phelps & Skinner* and *Campbell & Starling*, for the appellant.

The answer to appellee's assertion of liability on the part of appellant is that the acquiescence of the appellee in the reply of Dorwart, appellant's agent, that he was not then intending to ship on the Richardson, estops him from basing any claim upon the failure to ship by that boat. It is no answer to say, even if it were true, that he had objected before and no attention was paid to it. He was talking to Dorwart, asked him the question, received the reply, and the occasion required him to speak out his objections if he had any. The appellant had the right *then and there* to know the appellee's will, and failing to object, he had the right to construe his silence into approval.

The court erred in modifying the instruction asked by the appellant upon this point, and also in other particulars pointed out in our brief in the case of appellant against Wood & Co., *ante* 661.

*J. M. Jayne*, for the appellee.

While there are many points of similarity between the present case and the case of the *Wharfboat Association* v. *Wood et al.*, yet in this case the additional question was submitted to the jury as to whether Heidingsfelder had not instructed the Wharfboat Association to ship his cotton by the Richardson, and whether their failure to do so did not, under the circumstances attending the destruction of the cotton, fix the liability of the association

under the principle announced in the case of *Thompson et al.* v. *Gwin et al.*, 46 Miss.

Appellee insists that under all the circumstances then surrounding appellant's yard that it amounted to negligence in the appellant in withholding the cotton from shipment when a reasonably safe opportunity was offered for shipment, and he further contends that this degree of negligence was increased, first, because appellee instructed that his cotton should be shipped on the Richardson, and, second, because appellant had no right under the contract with the Choteau and Helena to withhold his cotton from shipment under the circumstances developed by the testimony.

The court properly instructed the jury in reference to the directions given by Heidingsfelder about shipping his cotton. Appellant denied such directions being given, and the court left the question of fact to be decided by the jury. Heidingsfelder was not bound to instruct appellant every day, and his answer to the question why he did not so instruct it on this particular Sunday is all-sufficient—because it was useless; his orders had never been obeyed.

COOPER, C. J., delivered the opinion of the court.

The only material difference between this case and that of these appellants against Wm. Wood & Co., *ante* 661, is that in this case the plaintiff himself delivered his cotton to the appellant for shipment to New Orleans, and was present at the wharfboat when the steamer "Richardson" passed down the river, and asked the wharfinger whether he intended shipping the cotton by that boat, to which he replied that he did not, as there was another boat coming down on which he would ship, to which the plaintiff made no objection, and did not insist upon the shipment of his cotton.

The plaintiff testified that on previous occasions he had requested the defendant to ship by the "Richardson," which it had declined and refused to do, and he explains his failure to make such request at that time because of such previous refusals.

The defendant asked the court to instruct the jury that the plaintiff's failure to dissent to the retention of his cotton precluded him

from recovering if the injury resulted from such failure alone to ship by the "Richardson." This instruction the court modified by inserting these words: "Provided such conversation and the former conversations and transactions between the plaintiff and defendant were such as to have caused a reasonable man to dissent." Since the cause must, for the reasons given in the case of appellants against Wm. Wood & Co., be reversed, we think it proper to say that the instruction ought not to have been given either as asked or as modified by the court.

The instruction as asked by the defendant was erroneous because it did not contain the necessary qualification that the plaintiff, to be bound by his acquiescence, must have had notice of the danger to which the cotton would be subjected by its retention, and the qualification annexed to it by the amendment not only failed to cure this defect, but added to it another by submitting to the jury a wholly immaterial and insufficient reason for his failure to dissent, viz. : former "conversations and transactions" between the parties.

Unless the plaintiff had notice of the danger to which the cotton was exposed by its retention, his consent thereto ought not to preclude a recovery, since his consent to its remaining could not be construed into his voluntarily subjecting it to such danger. Under such circumstances he would only be refused compensation for injury proximately flowing from the delay. If, on the other hand, he knew the danger to which the cotton would be exposed, and with this knowledge made no objection when informed of the purpose of the wharfinger to retain it until the arrival of the boat by which it was the habit of the defendant to ship, he cannot in avoidance of his own act of assent invoke against the defendant its failure to ship out other cotton on previous occasions when its retention did not subject it to danger.

If the plaintiff was seeking only to recover damages for delay in forwarding his cotton, and the defendant should say, "You assented to it," the plaintiff might very well reply, "True, I did not dissent, but it was because you had uniformly delayed over my objections, and I had come to consider it useless to object." But

the plaintiff now contends that there were exceptional circumstances which warned the defendant of danger. It is these very circumstances which lie at the foundation of his right to recover, and if, knowing them to exist, he consented that the cotton might be kept in the yard, he cannot break the force of such consent by evidence that on former occasions the forwarder had elected between means of conveyance where delay only and not danger followed such election.

*Reversed and remanded.*